UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KATHY MASON, individually and on )
Behalf of similarly situated persons, )
)
Plaintiff, )
)
vs. ) Case No. 1:21cv107 SNLJ
)
D&D PIZZA and DAVID M. BUMPUS, )
)
Defendants. )

**MEMORANDUM and ORDER**

Plaintiff filed this class action law suit asserting unjust enrichment and violations of the Missouri Minimum Wage Act and Fair Labor Standards Act.  This matter is before the Court on the defendants' unopposed motion to file the parties' Settlement and Release Agreement (including Class Notice and Class Form) and plaintiffs' Supplemental Settlement Agreement and Releases (collectively, the "Settlement Documents") under seal [Doc. 21].

In support, the defendants state that the Settlement and Release Agreement contains a confidentiality clause.  If this Court does not allow for sealing of the Settlement Agreements, defendants say, it would deprive the parties of their rights to enforce the contractual legal obligations.  Defendants point out that the plaintiffs' allegations and defendants' primary defenses are being made public, and the information they seek to keep confidential primarily consists of the amount and distribution of the settlement proceeds.

1

Defendants cite *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) to support that this Court has the discretion to seal documents if the public's right of access to court documents is outweighed by the litigants' interests.  But in *Flynt*, the court found the personal and professional safety of an execution team in carrying out a death penalty case outweighed the public right to access certain information.  Here, the defendants argue that the public's interest is only slight where the plaintiff's allegations and defendants' defense are all publicly available, and that "confidentiality is a critical factor in support of the public policy encouraging litigants to settle claims without resort to burdensome litigation."  The defendants conclude:  "Defendants' interests in effectuating a mutually-beneficial, private resolution of the claims in this case outweighs the public's general right to freely access court documents." [Doc. 21 at 2.]

This Court has, in the past, allowed for the sealing of settlement documents in labor class actions such as this one.  *See, e.g.*, *Ezell v. Acosta, Inc.*, No. 4:16CV870 RLW, 2019 WL 8160704, at *4 (E.D. Mo. Apr. 4, 2019); *Jones v. Synergies3 Tec Servs., LLC*, No. 4:18cv1161-JAR, 2018 WL 6727061, at *2 (E.D. Mo. Dec. 21, 2018).  However, more recently, this Court addressed an FLSA settlement in *Loveless v. Ecotech, LLC*, No. 4:19cv2698 SNLJ, 2020 WL 1032239 (E.D. Mo. March 3, 2020).  The parties moved for in camera review of the settlement under seal, and this Court *sua sponte* ordered the parties to show cause why the settlement should be filed under seal. [No. 4:19cv2698, Doc. 14.] The parties ultimately moved to withdraw their motion for in camera review. [No. 4:19cv2698, Doc. 15.]

Moreover, this Court has recently amended its Local Rules with respect to the sealing of documents, recognizing and emphasizing the public's right of access to most court documents.  E.D. Mo. L. R. 13.05.  The parties have largely followed the procedures outlined in the Rule.  The Court notes, however, that the parties' redaction of the Settlement Documents appears improper.  Local Rule 13.05(A)(4)(c) requires that the movant file into the public record a copy of the subject documents with only the specific information sought to be sealed redacted from the document.  The defendants filed the Settlement Documents with every single page of the document redacted. [Doc. 24 and Doc. 25.] The defendants' motion states that their intention is to keep the settlement amount and distribution of settlement proceeds confidential, so it is unclear why they redacted the entire document.

In addition, the parties have not adequately explained why the settlement amount and distribution should be kept confidential.  The parties state that it should be kept confidential because the Settlement Agreement requires it.  It is unpersuasive that the parties' contractual decisions outweigh the public's interest in open records—particularly here, where the facts pertain to a dispute about labor/wage practices.  Furthermore, it is entirely unclear how the amount and distribution of settlement proceeds can practically be kept secret in the context of a class action, which must be communicated to hundreds of class members.  The class members then must decide whether to opt in to the Settlement, and to do so they surely must be informed as to the amount and distribution of the proceeds.  The parties do not explain how these class

3

members, who have not yet opted in to the Agreement, can be bound to any confidentiality provision.

The parties have not adequately justified their request to file the Settlement Documents under seal.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to file the Settlement Documents under seal [Doc. 21] is DENIED.

Dated this 10th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE